IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOEL K. BANGO, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. Action No. 11-090-GMS<br>) |
| STATE OF DELAWARE DEPARTMENT<br>OF JUSTICE, | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM**

The plaintiff, Noel K. Bango ("Bango"), filed this lawsuit pursuant to 42 U.S.C. § 1983 on January 28, 2011.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Bango, a sex offender convicted in Florida on September 16, 1996, alleges that the defendant, the State of Delaware Department of Justice ("DOJ"), violated his right to due process. By way of background, Bango explains that he completed his Florida sentence on August 1, 2006, and was transferred to a civil commitment center where he remained until his release on May 7, 2007. Bango subsequently registered as a sex offender in Florida, Pennsylvania, and North Carolina, and none of these states designated him as a Tier III offender.[2]

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Under Delaware law, a sex offender's risk assessment is classified as Tier I, II, or III, with Tier III providing the most onerous registration requirement (i.e., for life). 11 Del. C. § 4121.

Bango alleges that he registered in Delaware on September 8, 2008, but goes on to state that on April 28, 2008, he pled guilty in this court for failure to register as a sex offender in Delaware. *See United States v. Bango*, Crim. No. 08-153-GMS (D. Del.). While he was in federal custody, the DOJ had Bango designated as a Tier III sex offender. Bango alleges that, in doing so, the DOJ deprived him of his right to substantive and procedural due process to attend a hearing and/or present evidence to demonstrate that he does not qualify or meet the criteria of a Tier III sex offender. More particularly, he alleges that the DOJ: (1) did not present evidence that it was successfully determined that Bango does not meet the criteria of a sexually violent predator; (2) had knowledge and information of Bango's Florida evaluations but did not present the same to the State Court; (3) presented to the State Court only records of Bango's conviction and sentence as well as his charging indictment; and (4) had knowledge and information that a sexually violent predator is identical to a Tier III sex offender. (D.I. 2.)

Bango seeks injunctive relief to invalidate his Tier III designation, declaratory relief for his "constitutional rights to be designated on all as well as accurate date," and, to enjoin the DOJ from executing any procedure as a Tier III sex offender until a hearing on his motion for preliminary injunction. Bango filed a separate motion for a preliminary injunction to enjoin the DOJ from executing community notification under Delaware's Sex Offender Registration Statute, 11 Del. C. subchapter III, § 4120 through § 4122. (D.I. 4.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable

2

to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bango proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bango leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare

3

recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bango has a "plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege Bango's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Bango's claim against the DOJ is barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency, such as the DOJ, from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the

---

[3] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (citations omitted). In addition, dismissal is proper because a State is not a person for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008) (not published).

Therefore, the court will dismiss the complaint as the DOJ is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B). However, since it appears plausible that Bango may be able to articulate a claim against alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

For the above reasons, the court will deny without prejudice to renew the motion for a preliminary injunction and will dismiss the complaint as the DOJ is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Bango will be given leave to amend the complaint. If an amended complaint is not filed within the time set forth by the court, then the case will be dismissed.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

June 21, 2011
Wilmington, Delaware